BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant SHIVERS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>    Plaintiff,  )<br>)<br>vs.  )<br>)<br>DAVID C. SHIVERS,  )<br>)<br>    Defendant.  )<br>_____ ) | No. CR 07-00346 SBA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: January 29, 2008<br>Time: 10:00 a.m.<br>Courtroom No. 3 |

**INTRODUCTION**

On January 29, 2008, defendant David C. Shivers will plead guilty to count one of a two count indictment which charges him with a violation of 21 USC §841(a)(1) and (b)(1)(B)(iii) - possession with intent to distribute cocaine base. He will be sentenced for this offense on the same date. A pre-plea report ("PPR") was prepared by United States Probation Officer ("USPO") Christina Carrubba. The USPO recommends that Mr. Shivers be sentenced to 60 months in custody which is consistent with the recommendation in the Rule 11(c)(1)(C) plea agreement. PSR, Sentencing Recommendation. It is also the mandatory minimum sentence required by statute such that the Court can not sentence Mr. Shivers to less than 60 months.

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo            1

Mr. Shivers disagrees with the UPSO's determination that an enhancement for reckless endangerment is appropriate. He believes that the final offense level should be 23, rather than 25, with a guideline range of 51-63 months, rather than 63-78 months. However, he agrees that the mandatory minimum sentence of 60 months in custody is the appropriate disposition.

Mr. Shivers files this sentencing memorandum in support of his request. Attached to the sentencing memorandum is (a) a letter from David Shivers (Exhibit A);(b) a letter from Desmond Meridian (Exhibit B); (c) a letter from Cynthia Warden (Exhibit C), and (d) a report from Senior Forensic Scientist Kenton Wong indicating that the weight of the drugs, without packaging, is 8.64 grams. (Exhibit D).

## BACKGROUND

### A.    Offense Conduct

As described in the plea agreement, defendant David Shivers possessed with the intent to distribute crack cocaine on March 11, 2007. Mr. Shivers stipulates that the weight of the drugs is 11.49 grams, which is the weight calculated by the government. However, he believes that this weight must include packaging materials since a defense expert found the weight of the drugs without packaging to be 8.64 grams.[1] Exhibit D. Mr. Shivers became involved in the offense conduct sometime after he was shot in the wrist in November, 2006, and then became unemployed in January 2007 when his father-in-law, who was also his employer, suffered a stroke and closed down his construction business. PPR ¶¶51, 52, 55.

In addition, David Shivers admits that at the time of his arrest on March 11, 2007, he possessed a Smith and Wesson firearm even though he had a prior felony conviction and was not allowed to possess a firearm. Plea Agreement at ¶2.

---

[1] The difference between the two weights affects neither the statutory mandatory minimum sentence, nor the guideline calculations.

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo                      2

Furthermore, the PPR describes offense conduct which the USPO argues supports an enhancement for reckless endangerment during flight. While Mr. Shivers does not dispute much of the conduct, he strongly disputes the applicability of the enhancement to the facts of this case. For example, David Shivers does not dispute that he resisted arrest and struggled with the arresting officers. However, the facts indicate that the struggle was between the defendant and police officers who never numbered less than two. In addition, the firearm which Mr. Shivers possessed at the time of his arrest had a safety lock on it such that it would not have discharged accidently. PPR ¶9. Mr. Shivers was resisting arrest because he was trying to discard the weapon not discharge it or otherwise threaten others with it. Given the fact that he was outnumbered by officers whose arsenals included tazers, guns and handcuffs, the only individual ever really at substantial risk of suffering serious bodily injury or death, was Mr. Shivers himself. Under these circumstances, the enhancement does not apply.

**B.     Personal Background**

David Shivers is a 31 year old father of eight children. When he was young, both of his parents were drug addicts. PPR ¶44. Mr. Shivers was placed in foster care in 1986, when he was nine years old. *Id*. Ultimately, Mr. Shivers began selling drugs when he was just 13 years to help his otherwise homeless mother pay the rent. *Id*. at ¶45.

In addition, David Shivers' childhood was surrounded by death as he experienced the loss of his maternal uncle, his grandfather, his mother and two brothers all at an early age. *Id*. at ¶51. Mr. Shivers indicated that even today he is overwhelmed with grief because of the deaths and would like counselling. *Id*.

In his letter to the Court, David Shivers says:

> I know what I did was wrong and . . . I hurt a lot of people. Thank you for allowing me to spend this time with my family and it let me see how much I have hurt them. I know that if I was in the

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo                3

> same spot that I have a lot of people whom I can talk too. I know I will do my best to stay positive and have a good life.

Exhibit A. Mr. Shivers' counselor says this of David:

> I have been in the company of Mr. David Shivers, monitoring and working closely with him as his spiritual advisor. I can vouch for his "change of direction" with a firm focus on his developing better social behavior and his abstinence from both drugs and alcohol has helped him become a better citizen. . . Losing his mother while incarcerated and two of his brothers within the same time frame had a devastating impact on his growth and affected his ability to acclimate to society. . .During my tenure with him he has displayed the ability to lead a law biding life. . . He is a better father and husband with ambitions to work and lead a manageable life with success and achievement.

Exhibit B. *See also* Exhibit C (He is a devoted person to his "wife and children").

## DISCUSSION

**A.   Mr. Shivers' Actions Did Not Cause A Substantial Risk of Death or Serious Bodily Injury**

In accordance with USSG. §3C1.1, if the defendant recklessly created a "substantial" risk of death or "serious" bodily injury to another person in the course of fleeing from a law enforcement officer, increase by two levels. USSG §3C1.2. In this case, Mr. Shivers' actions did not cause a substantial risk of death or serious bodily injury to anyone except, perhaps, himself.

According to the USPO, the enhancement is applicable because while he was resisting arrest, David Shivers punched officers and handled a loaded firearm which could have discharged and struck an officer, himself, or a citizen of the community. PPR ¶23. For the reasons discussed above, the conduct did not rise to the level where the Court can reasonably conclude that there was a substantial risk of death or serious bodily injury during flight. First, Mr. Shivers was outnumbered by the officers such that the only one who might arguably has

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo                4

risked death or serious bodily injury was himself. Given the fact that the officers who outnumbered him had weapons, handcuffs and other tools of the trade, there certainly was no "substantial" risk of death or "serious" bodily injury to them. Furthermore, the USPO has recognized that the gun had its safety on, such that it would not have fired accidently. PPR ¶9. In addition, the only individual transported to the hospital for injuries was the defendant. PPR¶8.

In sum, even if Mr. Shivers' conduct had created "some" risk of bodily injury to another, it clearly did not create a "substantial" risk nor was the risk of "serious" bodily injury to another other than to himself. Under these circumstances, the enhancement does not apply. Accordingly, Mr. Shivers' guidelines should be at offense level 23 and criminal history II, with a guideline range of 51-63 months.[2] This doesn't change the fact that the parties agree that the mandatory minimum sentence of 60 months is the appropriate sentence.

**B.    A Sentence of 60 Months in custody is Sufficient, But Not Greater Than Necessary, to Satisfy the Goals of Sentencing**

After *United States v. Booker*, 543 U.S. 220, 260-61, 125 S. Ct. 738 (2005), the guidelines are no longer binding on the Court. *Booker* clarifies that the Guidelines are simply one of a number of the factors a court must consider in imposing sentence. 125 S. Ct. at 764. In

---

[2] Defense counsel apologizes to the Court and probation officer for not timely making objections to the PPR as there now remains factual disputes which might otherwise have been resolved. Counsel was on leave at the time that the final presentence report was disclosed but should have gotten comments to the USPO prior to taking leave. At the time that the plea was negotiated prior to November 2007, the offense level for the amount of cocaine was two levels higher than under the current guidelines. Therefore, although the guidelines are not specified in the plea agreement, the parties contemplated that the offense level in this case would be 25 based solely on the amount of the drugs. Under the November 2007 guidelines, however, the offense level has been reduced from 25 to 23 for the same amount of cocaine base. Thus, while the parties anticipated that the guideline range would be 63-78 months, this was based upon the increased offense level for cocaine base rather than an expectation that Mr. Shivers' guideline would be increased under USSG §3C1.2.

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo                5

addition, courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in imposing sentence. *Id.* Furthermore, the range of choice in sentencing dictated by the facts of the case has been significantly broadened. *Gall v. United States*, No. 06-7949, 552 U.S. __, 128 S. Ct. 586, 602 (2007)(finding a sentence outside the Guidelines to be reasonable); *Kimbrough v. United States*, No. 06-6330, 552 U.S. __, 128 S. Ct. 558, 570 (2007)(noting that courts may vary from the Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines). Accordingly, the "Guidelines are not the only consideration, the district judge should consider all of the section 3553 factors" to determine the appropriate sentence. *Gall*, __U.S. __, 128 S. Ct. at 596. The primary directive in §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. *See* 18 U.S.C. §3553(a).

In this case, a sentence of 60 months in custody is sufficient to meet the purposes of sentencing. Some of the factors which the Court should consider are discussed below.

**1.   Nature and Circumstances of the Offense**

Under 18 U.S.C. §3553(a), the Court should consider the nature and circumstances of the offense in determining an appropriate sentence. Here, David Shivers possessed over five grams of cocaine base and he also possessed a firearm. The offense is a serious one. However, it should be tempered by the fact that David Shivers had been doing well for approximately nine years before the current offense, with his last contact with law enforcement occurring in 1998. In November 2006, Mr. Shivers was shot in the hand and became depressed. In January 2007, his father-in-law had a stroke and Mr. Shivers lost his job. The fact that David Shivers stated that he is grateful to Cornell Corrections for teaching him how to get a job indicates that he did not have the skills to find another job before going to Cornell and yet he has 8 children to

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo                              6

support. He now has those skills. It also is clear that he did not have the coping skills to deal with the shooting and loss of employment and depression productively. He therefore reverted to selling drugs. While the nature and circumstances of the offense is serious, the mitigating factors that led to his involvement in the offense warrant a sentence of no more than the mandatory minimum sentence of 60 months.

### 2. History and Characteristics of David Shivers

As discussed above, Mr. Shivers is a 30 year old man who was raised in the foster care system because his parents were both drug addicts. Mr. Shivers is a man who was surrounded by death at a young age and who still suffers greatly because of his losses. Mr. Shivers is a man who was grateful for learning how to seek employment and who thanked the Court for allowing him to spend time with his children. Mr. Shivers is a man who, despite his difficult childhood and lack of youthful guidance, managed to work and live a law-abiding life for approximately nine years with no contacts from law enforcement from 1998 until the current arrest in 2007. Unfortunately, Mr. Shivers must pay for his mistakes. Based upon his history and characteristics, however, the mandatory minimum sentence of 60 months is more than sufficient to meet the purposes of sentencing.

### 3. A prison sentence of 60 months is sufficient to show respect for the law, just punishment and adequate deterrence and no greater sentence is needed either to protect the public or for training

18 U.S.C. §3553 provides that the Court shall consider the need for a sentence to promote respect for the law, provide just punishment for the offense and afford adequate deterrence to criminal conduct. 18 U.S.C. §3553(a)(2)(A) and (B). Furthermore, the Court is required to consider the need to provide a defendant with needed educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D). All of these factors support a sentence of no more than 60 months in custody.

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo        7

A sentence of 60 months under the circumstances is more than sufficient to show respect for the law where Mr. Shivers was law abiding for approximately nine years. As a result of the offense, David Shivers will miss out on his many children's lives for five years and will be forced to give up the freedom he's now enjoyed for almost a decade. Mr. Shivers indicates in his letter to the Court that if he were in the same spot, he now understands that he has a lot of people that he could talk to. Exhibit A. The other letters show how Mr. Shivers has worked hard to become the man he is today. A custodial sentence of 60 months is more than enough to show respect for the law and provide adequate deterrence to himself and others. It also represents more than just punishment.

Furthermore, Mr. Shivers does not need to be in custody more than 60 months in order to be provided with any "needed educational, vocational or other correctional treatment." 18 U.S.C. §3553(a)(2)(D). He has obtained his GED already. He is asking that the Court recommend him for the 500 hour drug program even though he is aware that he will not get a reduced sentence because he knows it will help him. But the program only takes nine months to complete. In addition, 60 months is more than enough time to complete any other programs which may be available to Mr. Shivers to help him be better prepared once he finishes his sentence. Thus, a sentence of 60 months is more than adequate to provide him with needed treatment.

/ / /

/ / /

/ / /

*United States v. Shivers*, CR 07-00346 SBA
Defendant's Sentencing Memo          8

## CONCLUSION

For all of the reasons described above, David Shivers respectfully asks the Court to sentence him to 60 months in custody.

Dated: January 24, 2008

                                  Respectfully submitted,

                                  BARRY J. PORTMAN
                                  Federal Public Defender

                                  /S/

                                  JOYCE LEAVITT
                                  Assistant Federal Public Defender